IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS MORLAND, <br> Plaintiff, <br> v. <br> PARTHASARATHI <br> GHOSH, M.D., LATONYA <br> WILLIAMS and WEXFORD <br> HEALTH SOURCES, INC., <br> Defendants. | Case No: 12CV0500 <br><br> Magistrate Judge Susan E. Cox |

## ORDER

Plaintiff in this civil rights action has filed a motion for sanctions against defendants for failure to obey this Court's Standing Order for Settlement Conferences and failure to participate in the settlement process in good faith. For the reasons stated below, the motion is granted and plaintiff's counsel is directed to submit an affidavit for her fees for her attendance at this conference [dkt. 106].

## STATEMENT

Plaintiff in this civil rights action has filed a motion for sanctions against defendants for failure to obey this Court's Standing Order for Settlement Conferences and failure to participate in the settlement process in good faith. For the reasons stated below, the motion is granted and plaintiff's counsel is directed to submit an affidavit for her fees for her attendance at this conference [dkt. 106].

Parties elect to participate in settlement conferences when they wish to resolve their differences without further litigation. In this case, the Court had conducted a fruitless conference

with these same parties (although none of them were represented by these attorneys at that time) on October 22, 2012.[1] At the time, the plaintiff did not request money damages; he asked only that he be referred to an independent doctor to determine whether the hernia he suffered from should be treated by surgical intervention. Defendant Wexford refused to agree to this *or* to put any money on the table as an alternative. This failure was a clear violation of the Court's Standing Order, which requires that defendants offer an amount to plaintiff "that does not assume that there will be no liability" in their pre-settlement demand or the conference should not go forward. At this first failed conference, the corporate defendant's representative was warned by the Court that its failure to offer anything in its pre-settlement demand or at the conference was a clear violation of the Standing Order and could have warranted sanctions.

After both sides *again* requested another settlement conference, the Court agreed to set a second conference. In the interim, plaintiff had experienced emergency abdominal surgery as a result of the hernia. Mindful of the failure of defendant Wexford to negotiate at the previous conference, the Court stated both on the record on July 25, 2013, as well as during the off-the-record settlement conference with the attorneys, that offering no monetary concessions was a non-starter and that if this was Wexford's position, the Court would not proceed with the conference. Despite these admonitions, the Court was disappointed to receive yet another settlement proposal from Wexford, which offered no monetary concessions but, rather, an ambiguous promise to provide plaintiff with the required medical treatment and care—something defendant is obligated to do in any case.

Defendant Wexford, thus, violated the Court's Standing Order not once, but twice, and did so even after being explicitly warned that its pre-settlement letter must include some

---

[1] Dkt. 40.

monetary concession or the Court would not proceed with a *second* settlement conference.

Defendant argues that this conduct should not be sanctioned because it nonetheless made an offer of monetary damages ($1000) at the conference. This argument misses the point. Not only does this response ignore the clear mandate of the Court's Standing Order, which it violated despite being warned not to do so a second time, it misses the reason behind this directive. The Order requires that the pre-settlement offer include a monetary concession to *begin* a good faith negotiation process, not *end* it. Had the defendant included that amount in its letter and told the Court and plaintiff in the letter that it would offer nothing else in advance of the conference, the conference would not have been needed. The Court simply could have asked whether the plaintiff was willing to accept this amount in full settlement. Had the plaintiff indicated he would not, the process could have been completed without further waste of the Court's time.

Defendant's failure to obey the Court's Standing Order for a second time and failure to negotiate in any meaningful way during the conference should not go unsanctioned. As plaintiff points out, Rule 16 gives the Court the power to enforce its Orders with sanctions. Wexford was warned not to repeat its previous violation of the Court's Order by the Court on at least two occasions. It chose to ignore those warnings. Therefore, the Court orders Wexford to pay plaintiff's attorney for the time she spent at the conference. Plaintiff to submit an affidavit of those costs by November 1, 2013.

Date:  10/22/13                                                   /s/ Susan E. Cox_____
                                                                  U.S. Magistrate Judge