IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS MORLAND, ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | No. 12 CV 0500 |
| ) | |
| PARTHASARATHI GHOSH, M.D., ) | Magistrate Judge Susan E. Cox |
| LATONYA WILLIAMS and WEXFORD ) | |
| HEALTH SOURCES, INC., ) | |
|    Defendants. ) | |
| ) | |

## ORDER

Plaintiff filed a motion for attorneys' fees based on the Defendants failure to participate in a settlement conference in good faith [dkt 106]. The Court granted that motion and ordered the Plaintiff to file an affidavit for fees, so that the Court could determine the amount of attorneys' fees to award. For the reasons stated below, the Plaintiff is awarded $1,347.50.00 in attorneys' fees.

## STATEMENT

SUSAN E. COX, Magistrate Judge

This case was initially referred to the Court for the purpose of holding a settlement conference.[1] Upon referral of the case the parties engaged in additional discovery to collect information to assist in their settlement negotiations. On July 11, 2013, the Court scheduled a settlement conference for August 13, 2013 [dkt 90]. In its order, the Court directed the parties to consult the Court's Standing Order for Settlement Conferences and set deadlines for submission of the parties' offer and demand letters.

On July 25, 2013, the parties appeared before the Court on the Plaintiff's motion to continue the settlement conference [dkt 94]. Plaintiff's counsel filed the motion because she was having difficulty contacting her client since the Plaintiff is currently incarcerated at the Stateville Correctional Center. The Court denied the motion and reminded the parties of their obligations to exchange reasonable offers and indicated that the Defendants' offer should include monetary damages. The settlement conference was held as scheduled on August 13, 2013. The Defendants' offer did not include a dollar offer and the case did not settle.

After the settlement conference the Plaintiff filed a motion for sanctions [dkt 106] pursuant to Federal Rule of Civil Procedure 16(f). The Plaintiff sought sanctions on the basis that the Defendants participated in the settlement conference in bad faith. On October 22, 2013, the Court granted the Plaintiff's motion for sanctions on the basis that the Defendants failed to obey the Court's Standing Order for Settlement Conferences and for failing to participate in the

---

[1] On August 14, 2013 the parties filed a joint consent motion [dkt 102] which was granted [dkt 103].

settlement conference in good faith [dkt 116].  The Court directed Plaintiff's counsel to submit an affidavit for her fees for her attendance at the settlement conference.

Plaintiff's counsel submitted an affidavit for fees [dkt 117] which stated that she spent two hours and forty-five minutes attending the settlement conference and that her hourly rate was $490 per hour, for a total of $1,347.50.  The Defendants filed a response argued that the Plaintiff failed to prove that her hourly rate was reasonably and that she was only entitled to an hourly rate of $165 per hour, for a total of $453.75, under section 1997e(d) of the Prisoners Litigation Reform Act.  On November 18, 2013, after the submission of the affidavit and response, the Court, at a status hearing, ordered the parties to attempt to settle the dispute over Plaintiff's counsel's hourly rate.  The parties were unable to reach an agreement and the matter is now before the Court to resolve.

As an initial matter, the Court is not bound by the hourly rate found in section 1997e(d) of the Prisoners Litigation Reform Act.[2]  By its plain language, Section 1997e(d) governs fees that are awarded under section 1988 and fees incurred in "proving an actual violation of the plaintiff's rights…," it does not restrict fees awarded pursuant as a sanction under Rule 16.[3]

Similarly, the case cited by the Defendants in support of their contention that the Plaintiff must prove the reasonableness of its fees, *Spegon v. The Catholic Bishop of Chicago*, 175 F.3d 544 (7th Cir. 1999), involved an award of attorneys' fees based on the merits of a Fair Labor Standards Act and not sanctions under Rule 16.  Therefore, the Court rejects the Defendants' arguments that Plaintiff's counsel must prove the reasonableness of her fees or do more than provide the Court with an affidavit.

When awarding attorneys' fees as a sanction pursuant to Rule 16, the only determinations for the Court's to make are whether the requested fees and the time spent are reasonable.[4]  In her affidavit Plaintiff's counsel stated that she spent 2 hours and 45 minutes traveling to and from and attending the settlement conference.[5]  She also stated that she is a member of the firm Epstein Becker & Green, P.C. and bills an hourly rate of $490 an hour.[6]  The Court finds that the time spent by counsel was reasonable as the settlement conference itself took around two hours.  The Court also finds that counsel's hourly rate of $490 is reasonable.  Counsel's rate is consistent with hourly rates charged by partners in large law firms, like Epstein Becker & Green, in the Chicago legal market.  Accordingly, Plaintiff is awarded $1,347.50.00 in attorneys' fees.

Date: January 24, 2014                                                                          /s/ Magistrate Judge Susan E. Cox

---

[2] 42 U.S.C. §1997e
[3] 42 U.S.C. §1997e(d)(1)(A)
[4] Fed. R. Civ. P. 16(f)(2)
[5] Julie Badel Aff. ¶4
[6] *Id.* at ¶¶1, 5.

2