# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS MORLAND, | )<br>)<br>) Case No: 12 C 500 |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) Magistrate Judge Susan E. Cox |
| PARTHA GHOSH, LATONYA [SIC] WILLIAMS, and WEXFORD HEALTH SOURCES, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Plaintiff, Dennis Morland, moves pursuant to Federal Rule of Evidence 803(18) to take judicial notice of three learned treatises on hernias as reliable authority on this medical condition. For the reasons stated herein, we grant plaintiff's motion [dkt. 136].

## STATEMENT

Plaintiff Dennis Morland has filed a motion requesting that the Court take judicial notice of three documents which he describes as learned treatises: Medline Plus H*ernia,* http://nlm.nih.gov/medkineplus/ency/article/000960.htm, Robert J. Fitzgibboms & Anita-Giobbe-Hurder, *Watchful Waiting vs. Repair of Inguinal Hernia in Mininimally Symptomatic Men,* 295 J.Am.Med.Assoc. 285 (2006) and Mayo Clinic, *Inguinal Hernia,* http;//www.mayoclinic.com/health/inguinalhernia/DS00364. Defendant objects to this. For the reasons stated below, we grant plaintiff's motion [dkt. 136].

In this case, plaintiff claims that defendants were deliberately indifferent to his serious medical condition when they failed to perform surgery on his hernia despite his persistent complaints of pain. (After the suit was filed, emergency surgery was, in fact, performed.) Under

1

Federal Rule of Evidence 803(18), statements contained in a learned treatise, periodical or pamphlet are not hearsay if "(A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as reliable authority by the expert's testimony, or *by judicial notice.*" (Emphasis added.) Thus, plaintiff seeks a preliminary finding that the cited works are authoritative by the Court. If the Court finds that they are, plaintiff can read certain statements contained therein without requiring an expert to first acknowledge that the sources are authoritative, although, under this exception to the hearsay rule, the specific statements contained in these publications would still have to be called to the attention of the expert on direct or cross examination. The documents themselves would not be admitted.

Defendants cite Illinois case law in their objection, which highlights the importance of expert opinion to establish the authoritativeness of sources.[1] But Federal Rule of Evidence 801 (18) specifically recognizes the court may take judicial notice of reliability. Such a finding is typically reserved for standard reference works or cases where the judge has other indicia of reliability.[2] In this case, defendant does not proffer any arguments as to why the publications of the Mayo Clinic, the American Medical Association and the National Institute of Health are not reliable sources concerning options for the treatment of hernias. More to the point, the United States Court of Appeals for the Seventh Circuit referred to these sources to support its reversal of the lower court's dismissal of a case alleging similar facts to the instant case.[3] In fact, the Court specifically relied on statements within these sources to provide the basis for its holding that a plaintiff could claim under Section 1983, that the defendant's delay in treating a hernia before surgical intervention could state a claim for deliberate indifference. Although the Court did not

---

[1] *See, e.g., Bowman v. University of Chicago Hospitals*, 852 N.E.2d 383, 392 (1st Dist. 2006).
[2] *Milward v. Acuity Specialty Products Group, Inc.,* 969 F. Supp. 101, 113 (D. Mass 2013).
[3] *Gonzalez v. Feinerman,* 663 F.3d 311, 314 (7th Cir. 2011).

employ the phrase "judicial notice," its incorporation into its opinion of statements from these authorities as evidence concerning treatment of a hernia clearly evinces recognition of the legitimacy and authoritativeness of these works. Accordingly, the Court has no difficulty finding that these sources are authoritative pursuant to Rule 801(18). Of course, plaintiff may only use statements from these works in conjunction with its examination of medical experts and the sources themselves are not admissible.

Date: 7/15/2014

_____
U.S Magistrate Judge