IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS MORLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 500 |
| | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| PARTHA GHOSH, LATONYA WILLIAMS, and WEXFORD HEALTH SOURCES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Defendants have filed a motion for summary judgment in this case on all counts of plaintiff's Amended Complaint, which alleges deliberate indifference to his medical needs pursuant to 42 U.S.C. §1983 and the Eighth Amendment. For the reasons stated below, we grant the motion as to defendant Wexford Health Sources, Inc. and deny it with respect to the individual defendants, LaTonya Williams and Partha Ghosh [151].

**STATEMENT**

Plaintiff, Dennis Morland, born in 1973, has been an inmate at the Stateville Correctional Center, for several years. He will continue to be a state inmate until at least December of 2029, when he will be first eligible for parole. Morland filed this case on January 12, 2012, approximately two and a half years after his inguinal hernia was first diagnosed by defendant Williams, a physician's assistant at Stateville. Morland alleged that, despite his frequent complaints of pain and discomfort from his hernia, neither Williams nor the medical director Defendant Ghosh would refer him for surgical intervention. Ultimately, in January of 2013,

1

about four months after Ghosh left his post at Stateville, his replacement as medical director, Dr. Obaisi, referred Morland to the University of Illinois at Chicago for surgical repair which was ultimately performed in May of 2013.

Both sides agree that surgery is the only way a hernia condition can be resolved. For their part, however, defendants argue that Morland's two and a half year wait for surgery does not constitute deliberate indifference to Morland's known medical condition under the Eighth Amendment. They contend that the undisputed facts show that Morland was not experiencing symptoms sufficient to warrant surgical intervention and any discomfort he felt was being properly managed at Stateville. Accordingly, they believe that their decision to "watch and wait" until the hernia condition grew more severe was medically appropriate. In addition, defendant Wexford contends that its express policy, which does not provide for surgery for hernias which are not strangulated or incarcerated unless the hernia is impacting on the inmate's ADL's (activities of daily living), is on its face constitutional and Morand has failed to show a pattern of deviation from this express policy sufficient to mount a constitutional claim against Wexford.

Addressing Wexford's defense first, we agree that the undisputed facts of this case do not demonstrate a custom or practice that deviates from the written policy, which plaintiff concedes is constitutional, sufficient to send that claim to trial. In *Shields v. Illinois Department of Corrections*,[1] the United States Court of Appeals for the Seventh Circuit critically examined prior cases which held that Section 1983 liability does not attach to a corporate entity like Wexford that has contracted to provide healthcare for prisoners unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. In other words, *respondeat superior* liability does not apply to private corporations under Section 1983.[2]

---

[1] 746 F.3d 782 (7th Cir. 2014).
[2] *Id*. at 789 (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)).

The Court noted many reasons why the doctrine of *respondeat superior* should be applied to the unconstitutional torts of corporate employees, particularly in light of the increasing privatization of essential governmental functions, but ultimately did not change the doctrine.

We agree that a reexamination of the applicability of this doctrine to corporate actors is needed, particularly in a case such as this one where if the Court draws all the inferences in light most favorable to the plaintiff, as we are bound to do in deciding a summary judgment motion,[3] a case can be made that Wexford employees did not follow the express policy but, instead, ignored the impact Morland's hernia had on his activities of daily living for two and a half years. However, if we follow existing precedent as we are bound to do, Morland cannot proceed with his claim against Wexford. The only evidence that Wexford failed to follow its policy that Morland has presented to this Court is a list of lawsuits in which different plaintiffs have sued under Section 1983 and the Eighth Amendment for failures to treat hernias. The problem with this evidence is that it proves nothing. Clearly, many prisoners believe that Wexford does not adequately treat their hernia conditions, but the fact that these allegations have been raised, without more, does not tell the Court anything. Judgments against Wexford demonstrating a deviance from the policy might raise a question of material fact, but allegations standing alone do not, particularly when none of the lawsuits cited resulted in an adverse judgment and most resulted in a judgment in favor of Wexford. Because this is the only evidence proffered by plaintiff in support of his claim, we enter judgment in favor of Wexford.

This brings us to Morland's claims against the two individual health care providers, physician's assistant Williams and medical director Ghosh. We find that there are material issues of fact which preclude summary judgment under established Seventh Circuit case law. The

---

[3] *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2515, 91 L. Ed.2d 202 (1986).

Eighth Amendment imposes a duty to provide adequate medical care to prisoners.[4] To recover for a breach of that duty, an inmate must plead and prove that a defendant was deliberately indifferent to an objectively serious medical condition.[5] Prison medical personnel can exhibit deliberate indifference to a known condition through inaction,[6] or by persisting with inappropriate treatment.[7] Physicians can also show their deliberate indifference by delaying necessary treatment and this aggravating the injury or needlessly prolonging an inmate's pain.[8]

A hernia condition can be an objectively serious medical problem and defendants do not really dispute this element of Morland's case.[9] Further, an inmate's reports of chronic pain presents a separate, objectively reasonable, serious condition.[10] And, with respect to a hernia condition, the Seventh Circuit has held that if an inmate can prove "the defendants' response to more than two years of complaints has been blatantly inappropriate in the face of his pain and the risk the worsening hernia poses to his present and future health," he can prevail on a deliberate indifference claim.[11] To summarize, if Morland can show that the surgery, which was ultimately performed, was unnecessarily delayed in the face of his worsening symptoms, he can establish a claim for deliberate indifference.

Defendant presents several pieces of evidence to demonstrate that defendants' delay in referring Morland for surgery was a medically appropriate decision and these may well convince the jury to find that the defendants did nothing wrong in this case. The problem is that Morland

---

[4] *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed. 2d 251 (1976).
[5] *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); *Walker v. Benjamin*, 293 F.3d 1030, 1039 (7th Cir. 2002).
[6] *Gayton v. McCoy,* 593 F.3d 610, 623-24 (7th Cir. 2010).
[7] *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011)*, Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005).
[8] *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012), *Smith v. Know Cnty. Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012); *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010).
[9] *See Johnson v. Doughty*, 433 F.3d 1001, 1010, 1012-1014 (7th Cir. 2006); *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001); *Chapman v. Keltner*, 241 F.3d 842, 846-47 (7th Cir. 2001).
[10] *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).
[11] *Gonzalez*, 663 F3d at 314.

has adduced evidence suggesting the contrary. The most that Dr. Obaisi and Dr. Bianco, the surgeon who performed the operation on Morland's hernia, can say is that the conservative treatment employed by defendants is appropriate when patients do not experience serious pain from their hernias. Dr. Obaisi testified thusly about the surgical option: " [t]hey used to say if you see inguinal hernia fix it right away…now you can wait, if you have somebody older don't send him to surgery, he will be okay…So conservative treatment…so long as you are able to work and function every day, that's fine by me."[12] Dr. Bianco testified that a delay in surgery is acceptable unless the patient's symptoms increase in terms of pain or the hernia grows larger. Defendants contend that Morland was asymptomatic in 2011 and 2012 because the medical records do not reveal complaints of pain or clinic visits, except for his annual physical on January 20, 2012. But this assertion ignores the fact that defendant had vociferously complained about his pain throughout 2009 and 2010 to no avail, even writing Dr. Ghosh two letters, although Ghosh does not claim to have read them or even to have met Morland. Defendant filed grievances about his hernia in 2011 and 2012 and filed the instant case in January 2012. Drawing all inferences in plaintiff's favor, as we must for purposes of this motion, a reasonable jury could infer that Morland was still in pain during these years, but had given up on Dr. Ghosh and Ms. Williams doing anything about it and had instead turned to the prison's internal complaint system and ultimately to the court to resolve the issue. Nor is the Court able to find as an undisputed fact that Morland's hernia was not getting worse during the three and a half years it took for the surgery to be performed. Morland experienced bleeding between his legs in October 2012 and the hernia had clearly grown during the interim between diagnosis and the surgery, a fact noted by Dr. Obaisi when he saw him in January of 2013. Of course, plaintiff's claim obviously would be stronger if he had an expert who opined about the impact on him from the

---

[12] Obaisi Dep. p. 88, Def's Rule 56.1 Statement, exhibit D, dkt. 152-4.

delay in surgery, but defendants have failed to cite a case from our circuit that holds that such expert testimony is necessary for plaintiff to prove his case.

Nor can we enter judgment in Dr. Ghosh's favor on this record. Dr. Ghosh served as the medical director at Stateville. Ghosh testified that he neither met Morland nor treated him. But there is evidence in this record that Morland wrote him twice complaining about his condition in 2010. Further, although there is nothing in the medical records to substantiate this, Morland claims that Dr. Ghosh was present during his October 18, 2010 examination by Ms. Williams in which Morland's hernia and pain were discussed. Ms. Williams had no recollection about whether Dr. Ghosh was present, although she stated that she typically would have remarked upon that fact in the medical record of a patient's visit. Given these disputed facts, the Court is unwilling to find that Dr. Ghosh was unaware of plaintiff's condition. The Court further notes that it seems highly unlikely that Dr. Ghosh permanently would have remained in the dark about Mr. Morland's medical condition given that Morland had sued Ghosh in January of 2012 alleging that he had been deliberately indifferent to Morland's hernia. Although Ghosh remained medical director (and the only doctor at the prison) for another seven months following the filing of the lawsuit, he apparently never saw plaintiff or investigated his complaints after the suit was filed.

In light of these factual disputes, and because established case law clearly holds that a prisoner can prove deliberate indifference if his pain was unnecessarily prolonged, we find that plaintiff may proceed with his claims against Williams and Ghosh. The Court again urges both parties to attempt to settle this case for a reasonable amount.

**ENTERED:**

Date: <u>December 15, 2014</u>   _____

U.S. Magistrate Judge